## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

In re:

**DE LA VEGA, ALEJANDRO,**

Case No. 14-21259-BKC-LMI
Chapter 7

        Debtor.

_____/

### TRUSTEE DILLWORTH'S MOTION TO APPROVE
### STIPULATION FOR PURCHASE OF NON-EXEMPT ASSETS BY DEBTOR

> **Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an Order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

DREW M. DILLWORTH ("**Trustee Dillworth**"), the duly appointed, qualified, and acting Chapter 7 Trustee for the above-styled bankruptcy estate of Alejandro De La Vega (**"Debtor"**), pursuant to 11 U.S.C. § 105, Rule 9019 of the Federal Rules of Bankruptcy Procedure, and Local Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida, respectfully requests the Court to enter an order approving the stipulation for the Debtor's purchase of non-exempt assets from the estate.

1.    The Debtor filed this bankruptcy case on May 16, 2014.

2.    The only non-exempt assets in this case are the Debtor ownership in the Boat and all other Schedule B (The "Boat" and the " Schedule B").

3.    The Debtor agreed to pay Trustee Dillworth, for the benefit of creditors, the sum of $ 5,000.00  as outlined in the attached settlement confirmation of counsel.

4.      Trustee Dillworth believes that the proposed settlement is fair and reasonable and the best interests of creditors and parties in interest.  The law generally favors compromise of disputes over litigation for litigation sake.  *See In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993).  Moreover, the settlement of time-consuming and burdensome litigation is encouraged, especially in bankruptcy cases.  *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. V. Anderson*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1(1968); *In re Penn Central Transportation Co.*, 596 F.2d 1102 (3d Cir. 1979).   The bankruptcy court has broad discretion to approve a compromise, and settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness."  *In re Bicoastal Corp.*, 164 B.R. at 1016; *see also In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).

5.      Trustee Dillworth respectfully submits that the proposed settlement is fair and reasonable, represents a benefit to the Debtor's estate and creditors, and reflects prudent judgment.

137836.1

**WHEREFORE,** Trustee Dillworth respectfully requests this Court to enter an Order (a) granting this Motion; (b) approving the settlement outlined herein; (c) authorizing and directing the parties to execute any and all documents and perform such acts as are necessary and appropriate to effectuate the settlement; and (d) granting such other relief as the Court may deem proper.

Respectfully submitted,

___/s/ Drew M. Dillworth_____
Drew M. Dillworth, Trustee
150 West Flagler Street
Suite 2200
Miami, FL 33130
305-789-3200
Ddillworth@stearnsweaver.com

**I CERTIFY** that on July 23, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and the foregoing document is being served this day by (i) transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and (ii) by U.S. Mail to those parties as indicated on the attached service list.

Respectfully submitted,

___/s/ Drew M. Dillworth_____
Drew M. Dillworth, Trustee
150 West Flagler Street
Suite 2200
Miami, FL 33130
305-789-3200
Ddillworth@stearnsweaver.com

137836.1

Page 3 of 3

# SERVICE LIST
## Adv. Case No.: 14-21259-AJC
### United States Bankruptcy Court, Southern District of Florida

Atlas Acquisitions,LLC
294 Union St.
Hackensack, NJ 07601-4303

Atlas Acquisitions LLC
294 Union St.
Hackensack, NJ 07601-4303

BANK OF AMERICA
P.O. BOX 982238
EL PASO TX 79998-2238

Cap One
P.O. Box 5253
Carol Stream, IL 60197-5253

Ccmk/Cbna
P.O. Box 6497
Sioux Falls, SD 57117-6497

Chase Manhattan Mtge
P.O. Box 24696
Columbus, OH 43224-0696

Citi
P.O. Box 6241
Sioux Falls, SD 57117-6241

Citi
P.O. Box 6497
Sioux Falls, SD 57117-6497

Citibank (South Dakota), N.A.
c/o Rubin & Debski, P.A.
P.O. BOX 47718
904-425-0901
Jacksonville, FL 32247-7718

Ethereal Gardens II Condominium
Assoc.
c/o Gary Brown, Esq.
4000 Hollywood Boulevard
Suite 265-S
Hollywood, FL 33021-6782

Ethereal Gardens II Condominium
Assoc.
c/o Universe Consultants, Inc.
7466 NW 8th Street
Miami, FL 33126-2913

Gecrb/City Furniture
P.O. Box 981439
El Paso, TX 79998-1439

Gecrb/Sound Advice
P.O. Box 981439
El Paso, TX 79998-1439

LVNV Funding
P.O. BOX 10497
Greenville, SC 29603-0497

Mcydsnb
9111 Duke Blvd
Mason, OH 45040-8999

Meritech
2700 Airport Freeway
Fort Worth, TX 76111-2332

Midland Funding
8875 Aero Dr Ste 200
San Diego, CA 92123-2255

Natl Cty Crd
4661 East Main St
Columbus, OH 43251-0001

New Century Mortgage C
18400 Von Karman Ave Ste
Irvine, CA 92612-0516

Novastar Financial
8140 Ward Pkwy Ste 300
Kansas City, MO 64114-2039

Ocwen Loan Servicing L
12650 Ingenuity Dr
Orlando, FL 32826-2703

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

PNC Bank, N.A
c/o Weltman, Weinberg &
Reis Co., L.P.A.
550 W Cypress Creek Road
Suite 550
Fort Lauderdale, FL 33309-6174

PNC Bank
P.O. Box 3180
Pittsburgh, PA 15230-3180

1

Case No: 14-21259LMI

Space Coast Credit Uni
8045 N Wickham Rd
Melbourne, FL 32940-7920

Wells Fargo Bank, N.A.
c/o Straus & Eisler, P.A.
10081 Pines Boulevard
Suite C
Pembroke Pines, FL 33024-6171

Wff Cards
3201 N 4th Ave
Sioux Falls, SD 57104-0700

Wffnatbank
P.O. Box 94498
Las Vegas, NV 89193-4498

WFHM
4101 Wiseman Blvd # Mc-T
San Antonio, TX 78251-4200

Alejandro De La Vega
690 W 51st Place
Hialeah, FL 33012-3622

Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715



EXHIBIT
" A "

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

*In re:*                                              Case No.: *14·21259-LMT*
                                                      Chapter 7

*Arsornano Rela Vega*

          Debtor(s).
_____/

**STIPULATION FOR THE PURCHASE**
**OF THE DEBTOR(S) NON-EXEMPT ASSET(S)**

Drew M. Dillworth, Trustee and the debtor(s) in the above styled case ("Debtor(s)") hereby stipulate to the Purchase of the Non-Exempt Asset(s) disclosed in the bankruptcy schedules on this case and more specifically identified below as follows:

1. Debtor(s) filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on the date set forth on the record. Trustee Dillworth is the Chapter 7 Trustee.

2. Trustee Dillworth and Debtor(s) enter into this agreement for the purchase of the estate's right, title, and interest in the Debtor(s) non-exempt interest in the following property:

_____

*Boat and all other Schedule B*

_____

all being referred to below as the "Non-Exempt Asset(s)".

3. As consideration for the Non-Exempt Asst(s), the Debtor(s) agree(s) to pay to Trustee Dillworth, in the form of a money order or a cashier's check made payable to "Drew M. Dillworth, Trustee, for the benefit of the Estate" the total sum of $ *5,000* in consecutive monthly payments of $ *500* beginning *September 5, 2014* until paid in full.

4. In the event of a default, Trustee Dillworth will notify counsel to Debtor(s) of said default by facsimile transmission, U.S. Mail or Electronic Mail. If said default is not cured

within ten (10) days of the notice of default, Trustee Dillworth may proceed as set forth in Paragraph 5 of this Stipulation.

5.   In the event the Debtors fail to make the aforesaid payments on a timely basis, Trustee Dillworth shall be entitled to a revocation of Debtor(s) discharge by contested motion pursuant to Rule 9024, Fed. R. Bank. P., and Debtor(s) waive the requirement of an adversary proceeding for such matter. Should Debtor(s) cure any default after notice and the filing of a motion pursuant to this paragraph, Debtor(s) further agree that they shall be additionally liable to the estate in the amount of $500.00 as and for lump sum attorneys' fee and costs associated with such default and failure to timely cure.

6.   This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, modified or supplemented except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought.  A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

_____
Drew M. Dillworth, Bankruptcy Trustee
Florida Bar No. 0167835
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3598
Facsimile:    (305) 789-3395

_____
Debtor

_____
Debtor

_____
Attorney for Debtor(s)

#3525710 v1

2



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

**DE LA VEGA, ALEJANDRO,**

Case No. 14-21259-BKC-LMI
Chapter 7

Debtor.
_____/

### ORDER APPROVING STIPULATION FOR THE
### PURCHASE OF THE DEBTOR'S NON-EXEMPT ASSET(S)

THIS CAUSE came before the Court on Drew M. Dillworth, Trustee's Motion (          ) to Approve Stipulation for the Purchase of the Debtors Non-Exempt Assets (the "Motion") and the Trustee Dillworth's Certificate of No Response to the Motion. The Court having reviewed the Motion, finding that the Stipulation for the purchase of the debtors non-exempt asset is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, does -

ORDER and ADJUDGE that the Motion is Granted and the Stipulation attached to the Motion is approved in all respects.

###

Submitted by/Copy to:
Drew M. Dillworth, Trustee
(Trustee Dillworth shall serve copies of this order on all interested parties and file a certificate of service.)

@PFDesktop\::ODMA/MHODMA/DMS;ACTIVE;3667594;1